UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

EVERET BURNHAM,

                                         Plaintiff,

        -against-

CITY OF NEW YORK, MICHAEL HEALY, Individually,
CHING NIEH, Individually, EUGENE JONNY, Individually,
and JOHN and JANE DOE 1 through 10, Individually, (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                      Defendants.

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

12 CV 2980 (BMC)

<u>Jury Trial Demanded</u>

       Plaintiff EVERET BURNHAM, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

       1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

       2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## **VENUE**

       4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to
Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff EVERET BURNHAM is a thirty-three year old African American man
who resides in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly
organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police
Department, a duly authorized public authority and/or police department, authorized to perform
all functions of a police department as per the applicable sections of the aforementioned
municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants
MICHAEL HEALY, CHING NIEH, EUGENE JONNY, and JOHN and JANE DOE 1 through
10, were duly sworn police officers of said department and were acting under the supervision of
said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or
through their employees, were acting under color of state law and/or in compliance with the
official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New
York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said
defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.     On March 16, 2011, at approximately 2:50 p.m., plaintiff EVERET BURNHAM was lawfully present inside 1024 Montgomery Street, Brooklyn, New York, in the hallway in front of apartment 2M.  Plaintiff had entered the building to visit Chiwale Commissiory, who resides in apartment 2M.

13.     Just after plaintiff rang the doorbell of apartment 2M, a defendant officer approached him and immediately began searching plaintiff by placing his hands in his pockets.

14.     The defendant officer then removed his hands and asked for plaintiff's identification.

15.     Plaintiff provided his identification as requested.

16.     The defendant officer then began searching in plaintiff's pockets again.

17.     During this search, additional officers arrived at the location.

18.     A defendant officer grabbed plaintiff and pushed him against a wall.

19.     A defendant officer slammed plaintiff's head against the wall and searched plaintiff again, including ordering plaintiff to remove his shoes.

20.     After approximately fifteen minutes, the officers released plaintiff without charging him with any offense.

21.     The defendant officers CHING NIEH, EUGENE JONNY, MICHAEL HEALY, and JOHN and JANE DOE 1 through 10 either participated in and/or failed to intervene in the illegal conduct described herein.

22.     Upon information and belief, defendant MICHAEL HEALY held a supervisory rank and supervised defendants CHING NIEH, EUGENE JONNY, and JOHN and JANE DOE 1

through 10, and approved of, oversaw, and otherwise participated in the detention, search, and use of force against plaintiff.

23.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, improper trespass enforcement policies, due to discrimination against plaintiff due to his race and/or nationality, and based on a custom or practice of falsification.

24.    The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the requirements to stop and search individuals and in the use of force.

25.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

26.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

27.    As a result of the foregoing, plaintiff EVERET BURNHAM sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his

constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

28.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30.     All of the aforementioned acts deprived plaintiff EVERET BURNHAM, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

33.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34.     As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

35.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.    Defendants arrested plaintiff EVERET BURNHAM without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

37.    Defendants caused plaintiff EVERET BURNHAM to be falsely arrested.

38.    As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

39.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff EVERET BURNHAM'S constitutional rights.

41.    As a result of the aforementioned conduct of defendants, plaintiff EVERET BURNHAM was subjected to excessive force and sustained physical pain and suffering and

emotional injuries.

42.     As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants had an affirmative duty to intervene on behalf of plaintiff EVERET BURNHAM, whose constitutional rights were being violated in their presence by other officers.

45.     The defendants failed to intervene to prevent the unlawful conduct described herein.

46.     As a result of the foregoing, plaintiff EVERET BURNHAM'S liberty was restricted for an extended period of time, he was put in fear of his safety, he was humiliated and subjected to excessive force.

47.     As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

7

49.    The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

50.    As a result of the foregoing, plaintiff EVERET BURNHAM was deprived of his liberty and right to substantive due process, causing emotional and physical pain and suffering.

51.    As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

52.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.    The defendants falsely arrested and subjected plaintiff EVERET BURNHAM to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

54.    As a result of the foregoing, plaintiff EVERET BURNHAM was deprived of his rights under the Equal Protection Clause of the United States Constitution.

55.    As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

8

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     The supervisory defendant MICHAEL HEALY personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to his rights in failing to properly supervise and train his subordinate employees.

58.     As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

61.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, unlawfully stopping and searching individuals; conducting improper trespass enforcement policies and practices; subjecting individuals to excessive and unreasonable force; inadequate screening, hiring, retaining, training and supervising its employees; and engaging in a custom or practice of falsification.

9

62.    The aforementioned customs, polices, usages, practices, procedures and rules of the New York City Police Department were the moving force behind the violation of plaintiff EVERET BURNHAM'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

63.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff EVERET BURNHAM.

64.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff EVERET BURNHAM as alleged herein.

65.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff EVERET BURNHAM as alleged herein.

66.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff EVERET BURNHAM was unlawfully arrested and subjected to excessive force.

67.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff EVERET BURNHAM'S constitutional rights.

68.     All of the foregoing acts by defendants deprived plaintiff EVERET BURNHAM
of federally protected rights, including, but not limited to, the right:

        A.      Not to be deprived of liberty without due process of law;

        B.      To be free from false arrest/unlawful imprisonment;

        C.      To be free from excessive force;

        D.      To be free from the failure to intervene; and

        E.      To receive equal protection under law.

69.     As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to
compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive
damages against the individual defendants in an amount to be fixed by a jury, plus reasonable
attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in
paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon,
presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts
and information required under the General Municipal Law 50-e.

72.     The CITY OF NEW YORK has wholly neglected or refused to make an
adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation
of such claim as aforesaid.

73.     This action was commenced within one (1) year and ninety (90) days after the
cause of action herein accrued.

74.     Plaintiff has complied with all conditions precedent to maintaining the instant

action.

75.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

76.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.    Defendants arrested plaintiff EVERET BURNHAM without probable cause.

78.    Plaintiff was detained against his will for an extended period of time.

79.    As a result of the aforementioned conduct, plaintiff EVERET BURNHAM was unlawfully imprisoned in violation of the laws of the State of New York.

80.    As a result of the aforementioned conduct, plaintiff EVERET BURNHAM suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

81.    As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

82.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.    As a result of the foregoing, plaintiff EVERET BURNHAM was placed in apprehension of imminent harmful and offensive bodily contact.

84.     As a result of defendant's conduct, plaintiff EVERET BURNHAM has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

85.     As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

86.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Defendants made offensive contact with plaintiff without privilege or consent.

88.     As a result of defendant's conduct, plaintiff EVERET BURNHAM has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

89.     As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     The aforementioned conduct was extreme and outrageous, and exceeded all

13

reasonable bounds of decency.

92.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

93.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

94.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff EVERET BURNHAM.

95.     As a result of the aforementioned conduct, plaintiff EVERET BURNHAM suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

96.     As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

97.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff EVERET BURNHAM

99.     Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct

14

heretofore alleged in this Complaint.

100.    As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

101.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff EVERET BURNHAM.

103.    As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

104.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on

duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

106.    As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

107.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

109.    As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN SEVENTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

110.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    As a result of defendants' conduct, plaintiff EVERET BURNHAM was deprived

16

of his right to equal protection of laws.

112.    As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

113.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.    As a result of defendants' conduct, plaintiff EVERET BURNHAM was deprived of his right to security against unreasonable searches, seizures, and interceptions.

115.    As a result of the foregoing, plaintiff EVERET BURNHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff EVERET BURNHAM demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
        August 16, 2012

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff EVERET BURNHAM
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____/s/_____
        BRETT H. KLEIN (BK4744)

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

EVERET BURNHAM,

                               Plaintiff,

            -against-                                          12 CV 2980 (BMC)

CITY OF NEW YORK, MICHAEL HEALY, Individually,
CHING NIEH, Individually, EUGENE JONNY, Individually,
and JOHN and JANE DOE 1 through 10, Individually, (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                               Defendants.

-------------------------------------------------------------------------------X

## AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100